EMERGENCY RESPONSE
RESPONSE

Broder blu. Dublin, CA. 94568

71 3·F·9· AYC·552

Pro Per Sonam

FILED
08 MAY 12 AM 10: 29
RICHARD W. ...
... U.S. DISTRICT COURT
NORTHERN ...

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN CALIFORNIA DISTRICT

## SAN FRANCISCO VENUE

**MMC**

**CV 08     2417**

NO. _____ **(PR**

a

RT J. ALEXANDER III

ederal writ of
labeas Corpus

PETITION FOR
FEDERAL WRIT
OF HABEAS CORPUS
AND MEMORANDUM
OF POINTS AND
AUTHORITIES IN
SUPPORT THEREOF.

Petitioner is Challenging the Unlawful
System of Relief adopted by the California
Department of Correction & Rehabilitation, Parole
Authority. Put in effect Due to a Stipulated order
for Permanent Injuctive relief, by the federal Court
by way of the Valdivia v. Schwarzennegger Settlement.
In which CDCR & BPH have made a way to Circumvent
the Ethical and Constitutional Right to Due Process
By acts of Entrapment, fraudulent embezelment to
False Imprisonment without an adequate System of relief!
BY which they have unlawfully violated my Due Process of Rights

## II

I Robert Joseph Alexander III, am being held Captive illegally at
a State contracted County Jail in Dublin CA-1525 Broder Bl. Dublin CA.
Ahern is the warden. State of California Prison Director Secretary of
Correction is James Tilton, Inspector General is Matthew Tate, The

Following an incident that occurred on 3/24/08, Tuesday 3/25/08 I was contacted by a phone call around 12 noon from DAPO agent Snyder, informing me to come back to the San Leandro Region II Parole unit office by 12:30 pm the next day or a warrant will be issued for my arrest. I was expecting to have a Face to Face home visit; due to the fact that I had made my initial office visit & check in upon being released 3/21/08 from CDC-Dublin Paroleviolator holding facility bldg. 8, at Santa Rita, via charges being dismissed At Last Revocation Release date 3/21/08. I checked in for my initial interview on monday 3/24/08. At that time I signed my my conditions of parole that were imposed by BPT & CDCR, a submitted a unauthorized urine analysis to Agent Johnson upon request. Also was place in handcuffs and under duress, without legal representation; demanded that I sign a fraudulent document by the officer of the day, and unit Supervisor Agent Bent. I submitted court documents that were placed in my parole file; by Unit Supervisor DAPO Agent Bent. I submitted a filled out a initial interview form that included my address, vehicle, phone #, and employment information. I asked for and recieved a CDC Inmate appeals form 602 from Agent Johnson, as well I asked him who gave him the instructions to violate my rights by placing me in handcuffs and demanding that I sign a condition of parole that was not sanctioned by BPT, BPH, or CDCR, if I ask to speak to the Supervisor first because I have documentation providing reasonable proof that the grounds supporting these instructions were moot & unlawful, as well procedurally un-ethical by Gov. Code of ethics. He responds by saying the authority of a Parole Agent is enough to Amend any State document and his Supervisor; and DAPO Agent Snyder, that they are above the authority and guidlines for Procedure stipulated by D.O.M, Title 15, BPH, BPT, CDCR, There fore as if State and Federal law is moot to a Parole Agents Authority being preemptive & sole relying for the justification. On 3/26/08 I reported to DAPO San Leandro Region II Parole unit office in Hayward california before the 24 hr. Deadline as instructed with my wife who was with me the Previous visit. Once Signed in I was escorted through a Secured door by DAPO Agent Jovic Snyder. She straight forward inquired, as to why I hadn't been made to Sign her amendment of a unlawful preemptive Special condition, of Parole that was not imposed at my last Revocation Release hearing on 3/21/08 that she was the Agent of Record present at that Dismissal of charge; responded by inquiring as to why Unit Supervisor Agent Bent hadn't briefed her, or documented our interview in the previous monday of 3/24/08; where he found merit in support to not impose such a condition Due to the fact that her grounds for a preemptive Amendment were based on invalid information proven by factual court documentation placed in my parole file, by him and O.D. on 3/24/08. Agent Snyder response was that unit Supervisor would like to speak to me, and that I would need to 602 BPH her decision to Amend my Special conditions. ① 602 process Doesn't apply to BPH, or BPT. ② On 3/21/08 at my revocation hearing Deputy commisioner D. Star did not ever impose a Special condition. ③ All charges were dismissed ④ No Active stay away court order was against me for my wife. I agreed to have interest in speeking to the unit Supervisor, So maybe he could abuse me is to my rights. For if I sign such a fraudulent document after he already reinstated my condition of parole on 3/24/08. I would immediately be in violation, due to the fact that I live with my wife, who is 6 months pregnant and who is at the Parole office with me presently, just as she was on 3/24/08. After being told to wait in the lobby by DAPO Agent Snyder; for her to seek the Unit Supervisor. discussed the threatening issue with my wife, and felt that I was in need of legal representation on hearing this disturbing information she became slightly fatigued and nausious. Soon thereafter ut Supervisor DAPO Agent Bent came to the office counter behind a Secured glass window, he acknowledged r presence. My wife and I at that moment inform him that She feels the need to use the restroom + she might Vomit, She needs to use the restroom immediatly, and that She is six months gnant, DAPO Agent Bent Stated in return that he'll assist us as soon as he comes around to open the cured door. For there is no public restroom acces in the office waiting room. Momentarily DAPO nt Bent opens the Securedoor and informs us that She cannot use the DAPO San Leandro Region II + parole office restroom; that She's going to have to walk down the Street to a use the + room. He then proceeds to instruct me to accompany him inside the Secured door, once inside h ies me up against the wall while appoximately 8 other Parole DAPO agents, two being two very large k men who grab my arms, legs, go inside my pockets, Place handcuffs on my person. Kick me up an : my body outside to a running waiting vehicle. Throw me in the back Seet with another captive n. DAPO unit

DAPO San leandro Region II unit Supervisor Agent Bent, made good on his promise to add moore charges. In fact they even submitted a false report dated signed and reviewed on 4-4-08. This report was submitted to the Probable Cause hearing officer where; it was disputed as being unlawful; and grounds for immediate dismissal. Addittional evidence was presented by my Selfe to further show the Nature of unlawfulness. yet the Probable Cause hearing officer agreed with me and my attorney that the DAPO Agents cannot be preemptive in Revoking Parole & Amending special conditions of parole. Only BPT, BPH & CDCR can impose a special condition of parole. That the Parole Agent's authority is limited to the enforcement of a parolees condition's of parole. upon evaluation of the reviewed documentation provided by DAPO in the Report Dated 4-4-08. It is clear and apparent that there were serious inconsistencies in there statements charges that were somehow 6 months late; no evidence to support them. Finally at the Revocation hearing my rights were further violated by another Deputy commission. who wasn't unctial & detached, or fair and impartial. In fact the Agent of record Agent snyder who wrote the revocation Report and conducted the so-called investigation was not present. she defied the CA. State subpoena to be present a supp cause for wanting to substantiated my unlawful Arrest. As well as to answer why she was reported by a state witness as being harassing, by insisting that state witness co-conspire in falsly accussing me of bogus charges. Deputy commissioner verified the Authenticity of a Notarized Statement submitted to record at the Revocation hearing asking to make a formal complaint on the it. Also Asked the BPH. to insist that she stop calling her to assist DAPO breaking the Law. It was made clear on record that DAPO Agents were preemptive fact they whent as far as to recleve a 10 minute recess so they could review parole file and come up with a logical reason to support there unlawful actions bogus secondary charges. Based on the Here Say of Narrative reports, biased testimony, my controling case that had nothing to due with the current charges, so-called "scent test", no supporting victims statements; incomplete reports; ved evidence; an biased DAPO unit supervisor testimony. Pleasanton P.D. testified that they submitted these Narrative Reports to DAPO long befor this violation. DAPO claims to have had no knowledge of there reports. The results of this location hearing has proven that the system of Relief ordered be the ulated order for Permanent Injunctive Relief by the Federal court's not sufficient. In fact it is apparent that the whole system act not sufficient. In fact it is apparent that the whole system a Parole Agents to Revocation Hearing judgements is flared. Therefore making it an urethical system that unlawfully imprisons people of State of california. The BPH and CDCR ar not permitted to use hearsay ence against a parolee in a manner that violates the Parolees right to front his or her accusers. That means that if a Deputy commissioner ing to consider a statement Narrative not supported by an actual signed Her or sworn statement from an alleged victem. Even disregarding the imoney of the victim saying that the incident in the breath old P.P.D.

The initial charge report {CDC 1502-B} Submitted by DAPO on 4-4-08. Verify's arrest unlawful date of 3/26/08 for Refusal to Sign a preemptive non authorized Special condition ammendment, without prior written approval from BPH & CDCR on my last Revocation Release date with- Deputy commissioner Debra Star on 3/21/08. This document also verify's that DAPO Agent Bent granted DAPO Agent Jovic Snydi recommendation to violate my Due Process & Right. His decision to Retain Hold after recieving additional evidence via fax transmission 2-28-08. That gave him opportunity to correct his previous infraction if protocal. By not correcting Agent Snyder his actions of preempting BPH & CDCR procedural guidlin and authority. He clearly initialed the box of his {Review} & {Decision}, "I have looked at informatio believe there is probable cause to maintain the hold." "RETAIN HOLD, REFER TO BPH." Signed and dated, Submitted 4-4-08. The fact that DAPO Agent Bent, Agent Johnson, and Agent Snyder; failed report my initial interview date of 3/24/08. The very date that I was given two options after bee cleesed from custody on 3/21/08; charges dismissed. These options are documented in filed citizen omplaint P.C. 832.5 Submitted to CDCR Inmate Appeals unit on 3/24/08. Additionally they failed to mention their attempt to circumvent protocal & procedures protected by U.S. Constitional Due Proces & Law. By detainment being unlawful, Insisting under duress without legal representation; tha at I Sign a fraudulently Amended non-Sanctioned Special condition.

< 1650-B> Parolee/Release Report or Initial Interview Form.> Signed and dated by DAPO AgenT Johson o 24-08 confirms that point.

te that both documents do not mention any reports or charges from P.P.D. or DAPO for 'Slurry or Battery on Spous/on child from 12-11-07. The same date of my fith violation r Absounding Supervision and violating Special condition of parole ...

>C1274> CDC Parole Violation Dispositions Including BPT. UNEA Action S; document Submitted by >o AOR with report on 4-4-08; also has inaccurate information relied upon at Revocation Hearing. e note that it states ⑤ Five violations in number. Last one being 12-11-07; when in t there is ⑥ Six violation s in total. The Sixth-being 2-16-08; last Revocation Release date 21-08. Further proving the point that all my violations never had CDCR & BPH Sanction recommendatio Special conditions that I have previously been violated by DAPO. Dating back to even 6-4-07 reotics testing at this time was not a Special condition of parole. Yet DAPO pressured me manipulated the tests; System of authority and Law to create a reason to have B.P.H. impo' condition for attending outpatient meetings.

- 1521-B> Summary of Parole Adjustment form; All have conflicting fraudulent alterations de by AOR DARO Agent Jovic snyder and unit Supervisor Agent Bent. Remember, he stated her oath; under penalty of perjury that he reviewed and signed off on all DAPOs documen sept those that he did not of course.> Take note that All the <CDC 1521-B> forms from parole file are altered unlawfully. Not only were they changing dates; they were o taking information from the Special condition Box. They did not comply wil {Evaluation} instructions, changed my Initial Parole date, Last Rev Rel Dates, viction, Special condition 8. all Signed and Reviewed by unit Supervisor. never this fact was disregarded at the Probable Cause & Revocation hearing. o AOR Snyder even goes to confirm that the Governors office, Attorney General, in Administrator was all aware of my unlawful contlament prior to 4-4-08 when DAP. d addetional unlawful charges that predate 3-21-08 my last Rev Release date. ier stating that DAPO only became aware of the Non Harrasment order, after my wife taxed e documents to unit office on 3-28-08. This contradicting verbage in unlawful Special 'tion for m... {that due to an active restraining order No contact; amendment was imposed by BPH}

.515> Notice of Condition of Parole; Dated 3-21-08, Signed by Agent Johnson on 3-24-08. He failed to be present at the Revocation Hearing on 4-29-08, along with Agent Snyder. -ton Police officers Submitted reports that only included Police officer Narratives. In fact it noted that PPD officers were in the hallway Co-conspiring with Unit Supervisor Agent as to the best way to help DAPO See to it that I have my Parole Revoked by : testimony. Note the fact that this will be the Second time DAPO has utilized

By The BPH, CDCR, DAPO AGENTS, DEPUTY COMMISSIONERS, PLEASANTON POLICE DEPARTMENT, GOVERNORS OFFICE, ATTORNEY GENERAL, REGIONAL DISTRICT Manager, all having played a very questionable role and or condoning the breakdown in Government Ethical Code Duty & Responsibility. Shows an alarming State of Emergency! For once we as a people begin to compromise our Constitutional right to be governed by Law & Order. We subconciously begin the process of Ethical, and Judicial degradation. This being the Courts intended purpose; while mandating 'Permanent Injunctive Relieff' I should have been assisted by the Valdivia v. Schwarzenegger settlement. Instead justice has suffered a compromissing loss. By BPH. Eliminating its basic inmate appeal process. A loophole has been designed for the whole Parole Authority to circumvent the judicial system. The averag Parolee being held on a frivilous charge doesn't have a law degree. He does even have a clue as to what authority a Parole Agent has. Alameda County Jail Detention & Corrections facility will in fact, first Clasify a CDC or Bureau of Prisons Parolees, before housing him or her. They do this to the Standards of DOM. Yet they claim that this is not a validated branch of state or Federal prison systems. In fact there isn't even an Appeal coordinator, to process an Parolees Inmate Appeal. However, This is a State & Federally contracted Detention & correct holding facility. They have even adopted there own (County PAROLE) Program, that doesn't fall under any DOM, or Judicial guidlines to ensure their Due Process of Rights. The law library access has been terminated. And if you sent a request form for information from the outside contracted Legal resource. It will easily precede the 35 day time frame set for Valdivia Revocation Hearing Process. What good is having an attorney if the burden of proof is based on an biased Sliding Curve. Every objection is subject to be moot unde the unlimited perceptional authority of a Deputy commissioner. There fore its all 'going through the motions' with the look of protecting an inmates Parolees Due process Constitutional Rights. When in fact tax payers revenues are footing the bill. There was documentation, letters, clearly made available by DAPO & my file, showing blatant inconsistancies. As well My lawyer and I made numerous objections & legal argument to the Deputy Commi ioner agreed upon false accusations, DAPO's lack of authority to be Preemptive. As well there was incomplete evidence & reports. lack of legal obligation for the DAPO Agent of record to be cross examined; to account for the blatant fraudulen altering of my Parole file. How can a BPH, CDCR, or Parole Authority allow for a Parole Agent to get away with trying to coerce a state witness to Co-conspire in an unlawful/un ethical criminal charge on a Parolee. Disregarding my evidence that is a complete defense to the charges that are the basis of the initial Parole hold & Revocation. Further disregard to the fact that I wasn't served with charges within 42. H of falseim prisonment. What is the point in having rights that are stated on BPT 1100. Notice of Parole Revocation Rights & Acknowledgment form? What good is the Probable cause Hearing when Due Process is in Legal Limbo? When Evidence provided by DAPO's false report is disregarded as grounds to be liberated from my fals imprisonment? There fore proving that the whole 'Permanent Injunctive Relie is of no use to procure the constitutional Rights of Parolees in '35'days california Parole Authority, CDCR & BPH. from the Governors office to the CDCR

# PRAYER FOR RELIEF

Petitioner is without remedy save by writ of Habeas corpus.

WHEREFORE, petitioner prays the Court:

1) Issue a Federal Writ of habeas corpus;

2) Declare the Federal & Constitutional rights of the parties;

3) Reverse the actions being unlawful of The CDCR & BPH

4) Restore the Due Process Constitutional U.S. right to the Parolee's of The State of California.

5) Proceed with Federal Mandated Intervention in regard to the California Prison System and Parole Authority.

6) Mandate a Federal Board of Review to revamp the whole CDCR & BPT, BPH System of authority to conform to Gov, Ethi Code Duty & Responsibility.

7) Reestablish the fundamental Right to Petition the government for redress of grievance.

8) Issue a new Order for Stipulated order for a Legal Permanent Injunctive Relief by the Federal Courts.

9) Proceed with the prosecution of those who violated federal & State laws.

10) Review & Mandate a complete thorough investigation in order to liberate all the unlawfully captive prisoners that have fell victom to this corrupt California CDCR & BPH fraudulent System.

11) Order my immediate release & Order of Pardon with no adverse stipulations for me & my family, my wife Sevon Atic

12) Grant me assistance to secure adequate housing for me and my family and a Grant to start my own coorperation

13) In sure that no adverse reprocussions arise by becoming a whistle blower.

# VERIFICATION

I Robert Joseph Alexander III, State:

I am the petitioner in this action.
I have read the foregoing petition for
writ of habeas corpus and the facts
stated therein are true of my own knowledge,
except as to matters that are therein
stated on my own information and belief,
and as to those matters I believe them to
be true.

I declare under penalty of perjury that the
foregoing is true and correct and that this
declaration was executed at Dublin, CA.
on this 6th day of May, 2008.

CDC# P07071

...E PROCESS CLAUSE OF THE 14th AMENDMENT OF THE U.S. CONSTITUTION APPLIES
PAROLE REVOCATION PROCEEDINGS!

...NGRESS Shall make no Law respecting an establishment of religion, or prohibiting the
...ee exercise thereof; or abridging the freedom of Speech, or of the press, or of the
...ght of the people to peaceably assemble, and to petition the Government for a redres
...f grievances. FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES,
RATIFIED DEC. 15, 1791

...ection Penal CODE 3391 GOVERNMENT CODE OF ETHICS DUTY AND
RESPONSIBILITY.

...N FEDERAL HABEAS CORPOS; If the federal court finds that recission
was without good cause and that the prisoner is entitled to relief, and the
time in wich both the original parole date and the parole period to follow
it have long since passed, The prisoner will be entitled to outright relea
as relief, without any period of parole.

A PRISONER IS NOT REQUIRED To Accept any condition of Parole imposed....
PEOPLE V. BARNUM (2003) 29 Cal. 4th 1210,1231 Cal. Rptr. 2d 499,64 P.3d 788

PENAL CODE §296 PEOPLE V. ANZALONE (1999) 19 Cal. 4th 1074,81 Cal. Rptr. 2d 315 969 P.2d
160

PENAL CODE 304. 7, 304.5

VALDIVIA V. SCHWAZENEGGER (E.D. Cal. No. Civ. S94-0671 LKK/GGH)
(206 F. Supp. 2d 1068)

PETERSON V. LAMPERT (9th Cir. 2002) 277 F. 3d 1073

In re ROBERTS (2004) 36 Cal. 4th 575 (1 Cal. Rptr. 3d 458)

California Rules of Court (CRC), rule 4.551(a)(1)

WILLIAMS V. TAYLOR (2000) 529 U. S. 362 [120 S.Ct. 146 L.Ed. 2d 389] Federal courts have ar
independent responsibility to interpet federal law.

28 U.S.C. § 2254; BAKER V. CITY OF BLAINE (9th cir. 2000) 205 F. 3d 1138.

100 RE V. CALDERON (9th cir. 1997) 108 F. 3d 261.

JOLFF V. MCDONNELL (1974) 418 U.S. 539, Penal Code Sec. 2932 Subdivision (a)(3) AND
TITLE 15, CAL. ADMIN. CODE SECTION 3315

ON TE V. REAL (1985) 105 S.ct. 2192,2201. The Court Further Requires and held
hat the Due Process of The Fourteenth Amendment does require prison officials
...o State their reasons for refusing to call witnesses requested by an inmate
...t a diciplinary hearing. (Id. at p. 2193) (To) hold that DUE PROCESS Clause confers a
...ircumscribed right on the inmate to call witnesses at a disciplinary hearing and
...hen conclude that no explanation need ever be vounched for the denial of that
...ight... Would change and adimittedly circumscribed right into a privilege
...onferred in the unreviewable discretion of the diciplinary board. We think our
...olding in Wolff, Supra, meant something more than that. (Ponte v. Real, Supra, 8
...n re MARTINEZ (1970) 1 cal. 3d 641, 650, 83 Cal. Rptr. 382, 463 P.2d 734, cert. denied 400 US. 851 (1970)
...he Parole Authority may consider and USE on a Parolee's Voluntary Statement or confession made wi
...out the Parolee first being appriced of his or her Miranda Rights. At the trial on the offense constitut
...he parole Violation, However, Evidence Seized in violation of the Parolee's CONSTITUTIONAL
RIGHTS WILL NOT BE ADMISSABLE.

In re GARCIA (1998) 67 Cal. App. 4th 841 [79 Cal. Rptr. 2d 357]; In re Angel M. (1998) 58 Cal. App. 4th 1498
...68 Cal. Rptr. 2d 825]; PEOPLE V. SUPERIOR COURT (Hamilton) (1991) 230 Cal. App. 3d 1592 [28] Cal. Rptr. 900].
In particular, courts should decide cases that will resolve important issues which are likely +
...come up repeatedly, but which may not otherwise get heard. Such cases can arise when there
...are disputes or issues that usually are resolved by other means more quickly than the time it
...takes to complete the habeas corpus process. In re Arias (1986) 42 Cal. 3d 667,673 [230 Cal. Rptr. 505]
In re Robin M. (1978) 21 Cal. 3d 337, 341, n. 6 [146 Cal. Rptr. 352]; In re William M. (1970) 3 Cal. 3d 16 [89 Cal. Rptr
In re HARRIS (1993) 5 Cal. 4th 813 [21 Cal. Rptr. 2d 373]; Violation of Fundamental Rights can be challenged on
habeas corpus even when the claim was previously rejected on appeal if the Petitioner can show that

Prisoner Challenge... does not merally need to exhaust administrative remedies; as of May 2004, the BPH does not ave any general administrative appeal process...

wever, "The Doctrine of exhaustion of administration remedies has not hardened into inflexible dogma." OGO ASSOCIATES v. CITY OF TORRANCE (1974) 37 Cal.App.3d 830, 834 [112 Cal. Rptr. 761],

hus, in an exceptional case, such as where the administrative remedy is in act inadequate; GLENDALE CITY EMPLOYEES' Assn, Inc. v. CITY OF GLENDALE (1975) 15 Cal 3d 328, 342-343 [124 Cal. Rptr. 513];

ursuit of the Remedy would be Futile; In re Dexter (1979) 25 Cal 3d 921 [160 Cal.Rpt 18], In re Thompson (1985) 172 Cal.App.3d.256, 262-263 [218 Cal-Rptr. 192]; In re Reina (1985) 171 Cal.App.3d.638, 692 [217 Cal.Rptr. 535]; but See In re Serna (1978) 76 Cal.App.3d. 1010 [143 Cal. 1010, 1015-1023 [143 Cal.Rptr. 350] (Stephens J, dissenting).

A court has discretion to hear the case without requiring exhaustion of administrative remedies. Ultimately, the requirement of exhausting administrative remedies should not apply when "Injustice might otherwise result. In re/; Greenblatt v. Munro (1958) 161 Cal.App.2d 596,606.

Further The Prisoner can argue that the court should hear the case because the appeal system is inadequate to resolve the problem in a timely fashion and irreparable injury will result if exhaustion is required.

* The Petition can also be filed initially with the COURT OF APPEAL or even the CALIFORNIA SUPREME COURT, if there are special reasons why those courts should hear it at once. ARTICLE VI, Sec. 10 of the California Constituti Griggs V. Superior Court (1976) 16 Cal.3d 341, 347 [128 Cal.Rptr. 223].

* The imposition of a probation [Parole] condition should be guided by fixed legal principles, exercised in conformity with the law. (People v. Dominguez (1967) 256 CA2 623, 627)

* A special condition of parole will not be deemed invalid unless it (1) has no relationshi to the crime for which the parolee was convicted; (2) relates to conduct that is not criminal; and (3) requires or forbids conduct that is not reasonably related to future criminality. (People V. Lent (1975)16 C3 228; People v. Knox (1979) 95 CA 3d 420, 427. Conversely, a condition of parole which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted, or to future criminality.

* My controlling case has no relation to DAPOS Bogus charges. BPH. Does not have the authority to try to relate a 1998 conviction that isn't a domestic violence case to this frivolous bogus charge. Especially to try and impose a special condition to forbid contact with my wife whom I've been living with for 2 years, And have a child with. I have never been convicted of a Domestic violence charge or violence toward a woman...

* Because a parolee has a right to liberty that "Includes many of the core values of unqualified Liberty" (Morrissey v. Brewer (1972) 408 US 471,482), a Parole condition restricting the exercise of certain fundamental rights is allowed by the court only to the extent actually required by the legitimate demands of the parole proces (People V. Burgenar (1986) 41 C3 505, 530). A parole condition must be reasonable (Burgenar, 41 C3 at 532.) If the Special Condition impinges on a constitutional Right Such as freedom of speech, association, or travel, the condition must be reasonably related to the commitment offense and it must be reasonable and narrowly drawn. People V. Keller (1979) 76 CA3 827, 838. See also In re White (1979) 97 CA3d 141,146. I have never been convicted of a Domestic violence offense (Fam C § 6211). I have no convictions or violations with finding of a good cause for threatening, stalking, sexually abusing, harrassing, or violent acts that are subject to any no-contact court orders. (P.C. § 3053.2.)

* DOM Sec. 81010.16: "Any other restriction or instruction may be imposed as a special condition if warranted by the circumstances of the Controlling Case." The behavior to be controlled must be sufficiently documented in the parolee's file to support imposition of a special condition".
A special condition of parole shall be imposed only if the condition is:

Confidential Info: §2235. (No Decision Shall be based upon in formation that is not available to the prisoner, unless the information has been designated confidential under the rules of the department and is necessary to the decision). DAPO provided incomplete Police reports with no statement

Prisoner presentation of Documents: §2249.( Prisoner Shall have the Right to present relevant documents to the Hearing Panel...

They may cover any relevant matters, such as mitigating circumstances, disputed facts or release planning. ★ Deputy Commissioner had disregarded my rights at Probable cause hearing along with the documentation I provided as factual and mitigating at BPH Revocation hearing. DAPO had disregard for my evidence, legal documents, and right to be heard by a Hearing Panel. They were vindictively preemptive Due to the fact that BPH Did not revoke my Parole on 3-21-08, or impose a new Special condition of Parole. Instead on 3-21-08 B.P.H. Dismissed all charges. DAPO Agents took it upon them selve to once again fraudulently alter my Special conditions and Parole file...

General: §2245.2 At all hearings, Prisoners located in California Shall have the Right enumerated in 2245 through 2255.
* The Prisoner is responsible for bringing to the attention of the hearing panel any issues pertaining to his Rights under this articles or any failure to comply with these rules.(I brought fourth my relevant issues, however they proved to be futile; Since my rights were not being considered an authority. Rather Deputy Commissi treated them as a priviledge to be granted when he felt I deserved them.)

206 F. Supp. 2d 1068 Valdivia v. Schwarzenegger ( The Valdivia case has resulted in a Federal court order called the 'STIPULATED ORDER FOR PERMANENT INJUNCTI RELIEF' (Permanent Injunction), which was entered by the court on March 9, 2001 The court ordered the BPH & CDCR to develop a new process and new time limits for holding hearings. The Permanent Injunction outlines the new process. As of July, 2005, the new process is/was implemented. This Process is proven to be useless!!
* The Federal court is able to enforce these requirements, and Plaintiffs' attorney in Valdivia monitor, "supposedly" how the BPH and CDCR comply. It impossible to be adequately monitored when the only appeals option to challenge BPH & CDCR's un-ethical acts and decisions are solely by writ of Habeas Corpus. The average inmate does even know how to spell the Petition. Let alone can go about filing one adequately when This CDC-Dublin Detention & corrections Division doesn't even have a Law Library, or a function Pro-Per program to allow an inmate to secure his legal constitutional Right to Petition the Government for Redress of Grievance....
· Due to this new Process being only a system of relief that is in a biased self justifying box, full of self describe unbalanced burden of proof, that isn't safe guarded by a Legal constitutional and ethical process of Law; which will in turn oblige a Deputy commissioner to comply with Due Proce: BPH & CDCR have not been in compliance with the 'Stipulated Order' for 'Permanent Injucti Relief!
* Both Deputy commissioners failed to comply & Ethically uphold the responsibility of this order. They both failed at the Probable Cause & BPH Revocation hearing to uphold the gov. code of ethics and Responsibility...
* The apparent lack of Authority to prevent Renegade DAPO Agent's acting out side their peace officer & Parole Agent authority, from committing illegal and unlawful acts. Better yet they condoned the system circumventing, preemptive action I of San Leandro Region II DAPO's Agent's un-ethical action s...
* This inadequate system of relief; failed to dismiss my charges when there was a definat lack of probable cause to proceed; Even when DAPO Agents unlawfully tried to force me t Sign a fraudulent. Amended State legal document.
* Further Revocation Hearing; Deputy Commissioner failed to enforce my right to cross examin the Agents of Record, DAPO Agent's Jovic Snyder who wrote the Revocation Summary parole evaluation report. And the DAPO Agent Johnson who conducted my initial interview, on 3-24-08. They were both Subpoenad to appear! yet no written or verbal reason was given for their disregard to appear for cross-examination.
* DAPO unit Supervisor Agent Bent was given 10-15 min. off record to review my Parole file and come up with a third reason to substantiate DAPO's reason for unlawfully Amending a legal State document, and trying to force me to Sign. DAPO did not have to answer as to why their State witness testified that DAPO Agent Jovic Snyder was repor to be harrassing, and persistently trying to have State witnesses Co-conspire to accuse me of a bogas char
* Instead the Deputy commissioner elected to disregard those points as non-important. That is in itsel

... TH AMENDMENT (DUE PROCESS) requires that the parolee be accorded
ertain guaranties, including the right to a hearing. The Parolee must have an informal
act finding hearing, including the right to a hearing in the nature of a prelim-
nary hearing, to determine whether the <u>conditions of Parole have, in fact,</u> been
<u>VIOLATED!</u> (Health & Safety Code § 11561,11563)
The System of relief put in place through the Valdivia v. Schwarzennegar has not
met this basic Standard of law.

<u>he Power of the Parole Authority to fix prison terms is limited to prisoners</u>
Sentenced under the indeterminate sentencing law. The parole authority
has taken upon itself to even extend a Parolee's 3yr. Parole period to
4 yrs without first having Due Process Secured in a court of law.

<u>In re Silverstien (1942) 52 Cal. App. 2d 725, 728-729, 126 P.2d 962</u> (When federal
authorities did not object to State retaking parolee; Parolee could not complain
Grant of Habeas Corpus reversed). The DAPO Agents, nor Deputy Commissioner
can Supercede the Legal Authority, afforded a Parolee by Due Process of law....
<u>In re McLain (1960) 55 Cal. 2d 78, 85, 9 Cal. Rptr. 824, 357 P.2d 1080</u> ( finding a disciplin-
ary Committee of Suspicion of complicity in Prison stabbing Sufficed for
Suspension of Parole, But would have been insufficient for prerelease "revocation"
cert. denied, 368 U.S. 10 (1961)

A Parolee may be detained on one ground but have his or her parole revoke
on another. However, <u>the facts underlying the revocation must,</u> however, be
<u>determined at a preliminary hearing followed by a full revocation hearing.</u>
These facts must constitute Good cause for revocation; a mere Suspicion
of complicity in the commission of an offense is not Sufficient.
(<u>In re Melendez (1974) 37 Cal. App. 3d 967, 974-975, 112 Cal. Rptr. 755 In re Tobin (1933)</u>
130 Cal. App. 371, 372-374, 376, 20 p.2d 91 (Parolee discovered to have altered prison record...)
My situation proves the point how the Probable cause hearing was insuficient.
it was made clear at that Stage; their was no underline facts to Support
the bogus charges.(1) Secondly Deputy Commisioner acknowledged the fact
that DAPO Agents were in violation for unlawful detainment, preempting
the unlawful pursuation/pressure tactic to alter my file continuiously, and
file 6 month old bogus charges. Yet Simply acknowledging the injustice
doesn't Serve me or any one Due Process. I was his Gov. Ethical duty
and responsibility to uphold the law, regulation, and ethical principle
thereof...
<u>In re Winn (1975) 13 Cal. 3d 694, 699, 119 Cal. Rptr. 496, 532 P.2d 144</u> (Due Process is Satisfied
if refixing of term at maximum is subsequentely considered at full revocation
hearing. Penal code § 104.07, 104.21, 04.24

<u>alifornia Dept. Of Corrections & Rehabilitation-DOM. Chpte 8-Adult Parole Operations</u>
<u>rticle 3-Arrest & Parole Hold</u>

<u>030.1 Policy;</u> A parolee shall be arrested and a P.C. 3056 parole hold placed when
nere is reasonable cause to belive a parolee has violated the Conditions of
role. It was clear at the revocation hearing and probable cause hearing, that
had not violated a condition of Parole. Especially if the condition was not
implemented, by BPH or CDCR.

. Parolee will Not be arrested either as Punishment or as a means of installing
ear... DAPO, was never held accountable for using arrest for punishment and ameans to force
Parolees to concede to their unlawful demands.
hysical restraint may only be used on an inmate or Parolee to make an arrest,
revent an escape or prevent injury to injury to persons or damage to property.
<u>030.2 Arrest Definition;</u> Peace officer status. Any Parole Agent employed by COCR is a Peace officer
rsuint to the Provisions of P.C. 830.5
<u>ROLE AGENT AUTHORITY;</u> A parole agents authority to arrest extends to any person committed to CDCR or
ing Supervised under the IPC. A Parole Agents Peace officers Status extends to Enforcement of the
<u>NDITIONS OF PAROLE</u>....(And to any violation of law that arises or is discovered in the Course
employment. A <u>PAROLE AGENT SHALL NOT PREEMPT</u> another law enforcement agency in
forcing the Law!
ROLE <u>VIOLATION:</u> Conduct by a Parolee that violates (The Condition of Parole (felon): Specific

The overall audacity of the DAPO Coalition of unethical
Law breaking agents. Proves to be reckless in the civil
confines of the community it's suppose to serve. For a unit Supervise
to say "Right now you both have one Charge, If you complain while
on the way to Santa Rita or afterward. You'll have additional
Charges!" In front of his DAPO coherts is outright ruthless.
We; though being Parolee's, have a right to Petition the government
for redress of grievance. The BPH & CDCR, supported unlawful acts
by DAPO; concludes the need for immediate Federal intervention.
DAPO Agents actions broke new ground for State approved
entrapment, false imprisonment, Kidnap, abduction, Fraudulently
altering State legal documents, forwarding fraudulent documentation via
fax transmission; tele type, U.S. Mail; illegal transportation, all in thier
unethical pursuit failing to be a responsible professional. Was this
the intention of the Federal Court, when they ordered a new
System of reliefe; (STIPULATED ORDER FOR PERMANENT INJUNCTIV
RELIEF)? To Due away with DUE PROCESS, by elimination of a
way to appeal the injustice of a Parolee is illogical. In no way could
one believe that the State of California could authorize such
a blatant Miscarriage of justice so technically sound to be authorize
by Due Process of Law. Leaving a Bermuda triangle of unlawful Parolee revocati
processes and proceedings, that even a State BAR associate can't navigate
through. By this unethical coalating union operating outside Law governing
diplomatic box of legal authorized authority. They now have been
operating as a sophisticated State employee unethical organized crime
unit and evil unorthadoxed force. With the pivital action ordentation with
intent to circumvent Tax payers Revenues into footing the bill for the
over crowded prison system; due to recycling Parolees being released as a
The Parole System is now formulated into a legal release/return to custody
3 Panel Federal Judicial Mandate to the State Correctional System. Therefore
housed at a State contracted count Jail facility. Where Prop 36 will
pursuade these inmates to take a deal at the probable caus hearing.
This deal will have a inmate wait at Santa Rita for approximately
2-3 months, waiting to be transfered to another county jail for
what is called in custody treatment program for a mandatory additional
2 months. Basically the Parolees revokation time has litterelly Stopped
in the county Jail/Valdivia v. Schwarzennegar Bermuda Triangle void of
an inmate appeal system. Therefore the mandated releases of CDCR, are
recycling the body count into county Jails. Tax payers footing the bill
Meanwhile Public Schools & law abiding citizen's suffer from
a budget deficit that proceeds to exceed 20 billion state dollars.
Who benefits? State & county employees. No wonder why The State of
California already has embarked on a 7.8 billion prison and county jail building
program to ease the overcrowding and faces another 7. billion bill to
improve inmate medical services and mental health care. Their not
building anything; their just moving and shuffling body's around like
revenues in an offshore account. Therefore adding to the myriad problem
in the 33 State prisons, causing severe inmate overcrowding.
Unfortunately; we don't have the personal option to place sentiments
consideration of the fate of 4,500 guard positions and the CDCR coaliti
agents; Who knew full well what the concluding risk of their action
could & would procure. Though they may claim their actions & efforts
were in good faith. For Maat; The Scales of Justice have taken on a
significant unbalancing act and Shift of weight. Due to their acts of
provisional injustice... Ignorance to the Law, is no Excuse &

| | Parole Office Use Only |
|---|---|
| | Projected Revocation Release Date |
| | Revocation Release Date |
| | Controlling Discharge Date |
| | Discharge Review Date |

# SUMMARY OF REVOCATION HEARING AND DECISION

(BPH Rules, Chapter 6, Article 3)

## PRELIMINARY INFORMATION

**Type of Hearing**
REVOCATION

**Location of Hearing**
SANTA RITA COUNTY JAIL
Parolee in custody at Time of Hearing:  YES

**Basis for Charges**
Parole Violation Report, Dated:    04-APR-2008

Police Report Agency        Dated:

**Optional Waiver**
NO      Date Signed by Parolee:
Date of BPH Action:

Assessment:

### Legal Data

The crime for which the parolee was committed to prison occurred on or before 12-31-1978:  NO
The crime for which the parolee was committed to prison occurred on or after 1-1-1979:   YES
Date of arrest on current parole violation charge(s):  26-MAR-2008
Date hold was placed on current parole violation charge(s):  26-MAR-2008

**ADA**  Special Needs:

### Present at Hearing    Hearing Officer: J MARTIN

1. [X] Yes [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes [ ] No  Attorney Name: DEMMING, MARK          [ ] Waived
3. [X] Yes [ ] No  Agent of Record or Substitute:  KELLER, DAVID    Reason not present:
4. [ ] Yes [ ] No  Hearing Agent:                Reason not present:
5. [ ] Yes [X] No  Observers    Name and Organization:
6. [ ] Yes [X] No  Interpreter Assigned Language          Name

### Witnesses (continue on the last page if more than 8 witnesses)

| Present Yes | Present No | Name | Notified Meth.* | Notified Date | Wit. Desig.* Stat. | Wit. Desig.* Req. | Testified | Excused | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|---|---|
| X | | AGENT D. KELLER | M | 16-APR-08 | A | S | X | | |
| X | | SEVON ATIAS | SP | 16-APR-08 | V | S | X | | |
| X | | AGENT BENT | SP | 16-APR-08 | F | P | X | | |
| | X | AGENT JOHNSON | M | 16-APR-08 | F | P | | | DNA / UNKNOWN |
| X | | PLEASANTON PD OFC BOLAND | SP | 16-APR-08 | A | S | X | | |
| X | | PLEASANTON PD OFC GREENWO | SP | 16-APR-08 | A | S | X | | |
| | X | RACHEL SMITH | SP | 16-APR-08 | V | S | | | DNA / UNKNOWN |

**\*NOTIFICATION METHOD**

M = Memo      PC = Personal Contact
L = Letter      SP = Subpoena
PH = Phone    TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION**

Status:  A = Adverse      Requested by:  S = State
         F = Friendly                     P = Parolee
         V = Victim

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2 SNYDER, JOVIC | 29-APR-2008 |

**SUMMARY OF REVOCATION HEARING AND DECISION**

**Preliminary Information (cont.)**

H. HEARING:     Occurred

REASON:

Specify Witnesses/Documents needed for next hearing:

---

## SUMMARY OF FINDINGS

**ADMISSIONS/DENIALS AND FINDINGS**

| Charge Number | Code Number | Charge Specified | Plea Admit | Deny | No Plea | Findings Good Cause | Dismiss | Postponed |
|---|---|---|---|---|---|---|---|---|
| 1. | 996 | Refusal to sign Parole Conditions (Assessment up to 6 months per PC 3060.5) | | X | | X | | |
| 2. | 455 | Battery spouse/child | | X | | X | | |
| 3. | 505 | Burglary lst (includes inhabited dwelling, occupants present or not) | | X | | | X | |

**NAME**
ALEXANDER, ROBERT

**CDC NUMBER**
P07071

**INST/REGION / AGENT**
SAN LEANDRO / 2
SNYDER, JOVIC

**HEARING DATE**
29-APR-2008

## SUMMARY OF REVOCATION HEARING AND DECISION

### REASON FOR DECISION

**Basis for Conclusion:**

ADA REVIEW --- BPT 1073 REFLECTS NO DISABILITIES. DEC DATABASE REFLECTS NO DISABILITY HISTORY, WITH A H.S. EDUCATION AND SOME COLLEGE. AT REV HEARING, NO ACCOMMODATIONS REQUESTED OR PROVIDED.

NO GOOD CAUSE FOUND ON:
CHARGE 3: (BURGLARY 1ST) BASED ON LACK OF PERCIPIENT WITNESSES THAT PAROLEE KICKED IN A DOOR AND ENTERED THE APARTMENT/RESIDENCE OF SMITH. A NOTARIZED DOCUMENT BY SMITH WAS RECEIVED AND IT STATED THAT PAROLEE WAS DEFINITELY NOT THE BURGLAR. PAROLEE WAS NOT SEEN WITH ANY OF THE ITEMS THAT WERE ALLEGEDLY TAKEN FROM SMITH'S APARTMENT. *Notarized Document states that Agent Snyder asked victim to co-conspire to falsly accuse parollee Numerous Thm'*

GOOD CAUSE FOUND ON:
CHARGE 1: (REFUSAL TO SIGN COND. OF PAROLE) BASED ON TESTIMONY OF AOR THAT PAROLEE WILFULLY REFUSED TO SIGN CONDITIONS OF PAROLE, SPECIFICALLY A CONDITION THAT PAROLEE HAVE NO CONTACT WITH SEVON ATIAS. IN A SEPARATE HEARING, IT WAS FOUND THAT THERE WAS A NEXUS BETWEEN THE PROPOSED SCOP AND PAROLEE'S PAST BEHAVIOR, INCLUDING A TUMULTUOUS RELATIONSHIP WITH SEVON ATIAS. *AOR wasn't present at Hearing* CHARGE 2: (BATTERY/SPOUSE) BASED ON TESTIMONY OF OFFICER GREENWOOD THAT HE RESPONDED TO A REPORT BY SEVON ATIAS THAT PAROLEE HAD KICKED HER ON 12-11-07. WHILE THE VICTIM CAME TO THE HEARING AND RECANTED, CLAIMING THAT SHE COULD NOT REMEMBER MUCH OF ANYTHING, THAT WITNESS SHOWED VERY LITTLE CREDIBILITY AND REASONS FOR BIAS. THE INVESTIGATION OF OFFICER GREENWOOD HAS HIGH CREDIBILITY AND IT IS SUPPORTED BY SEVERAL EVENTS OF CONFLICT AND ALLEGATIONS BETWEEN THE PARTIES.

*What investigation? What statement?*

**Basis for Disposition:**

RETURN TO CUSTODY IS WARRANTED BASED ON THE VIOLATION CHARGES.
REMEDIAL SANCTIONS WERE CONSIDERED AND DETERMINED TO BE INAPPROPRIATE.

PAROLEE IS INELIGIBLE FOR GOOD-TIME CREDITS DUE TO A PRIOR 12022.
IN A SEPARATE DECISION, THERE IS A BOARD-IMPOSED SCOP THAT THERE BE NO CONTACT BETWEEN PAROLEE AND SEVON ATIAS.
DISPOSITION: 11-I

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2<br>SNYDER, JOVIC | 29-APR-2008 |

BOARD OF PAROLE HEARINGS                                                            STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### SUMMARY OF DISPOSITION

Parole Referral:  REFER

Custody Status:  In Custody as of 26-MAR-08

[ ] Continue on Parole  [ ] Schedule for Revocation

[ ] Dismiss  [ ] Other Non-Rev Sanction

[X] Parole Revoked-Return to Custody: 11 months

Serve  [ ] Consecutively  [ ] Concurrently

[ ] Parole Revoked-Return to Custody:   months for Psych Rx

[ ] Time Served:                to

Hold Order:  [ ] Place  [ ] Remove

**3057 Credits**

[ ] Eligible

[X] Ineligible 3057d-1    Reason for Ineligibility:

   [X] Commitment Offense:  12022

   [ ] Revocation Offense:

   [ ] Parole Violation:

   [ ] Sentenced under PC 1168:

[ ] Unsuitable for credits because of PC 3057(d)(2)(e)

   [ ] Prior Criminal History

   [ ] Circumstances & Gravity of Parole Violation

Specify Reason

**Parolee Decision**

[ ] Accept  [ ] Reject  [ ] Optionally Waive

**Optional Waivers**

[ ] Previous BPH Action of _____ is:

   [ ] Rescinded  [ ] Reaffirmed

**Special Conditions of Parole**

[ ] Noted  [ ] Reaffirmed  [X] Amended

**Other**

| Special Condition | Reason |
| --- | --- |
| NO CONTACT WITH SEVON ATIAS | PROTECTION OF VICTIM |

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

### BPH HEARING PANEL

NAME:

NAME:

DECISION REVIEW BY:

**REVOCATION HEARING TIME (MINUTES)**

1. Prehearing Prep. Time:        10
2. Actual Hearing Time:        180
3. Report Completion Time:        10
4. Other:

           **Total:**        200

Hearing Accommodations (ADA) Provided:  [ ] Yes  [ ] No

Accom:

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
| --- | --- | --- | --- |
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2<br>SNYDER, JOVIC | 29-APR-2008 |

BPH 1103-REV (Rev. 01/05) Electronic                Page 4 of 5                PERMANENT ADDENDUM

BOARD OF PAROLE HEARINGS                                        STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### V. OBJECTIONS

☐ None    ☒ Yes

*Reports were Just P.P.D. Narratives no witness statements no verification of ever taking a report.*

**Objections / Basis for Ruling**

| | Ruling |
|---|---|
| ON A LENT TEST, MOTION THAT NO NEXUS BETWEEN SCOP AND CRIMINALITY | DENY |

*on Reant DATE 12-11-07*

LENT REQUIRES A CONNECTION/NEXUS BETWEEN THE SCOP AND CRIMINALITY, EITHER PAST OR FUTURE. IT WAS HEARD THAT THE PARTIES HAD MADE PRIOR ALLEGATIONS OF VIOLENCE AGAINST EACH OTHER (THERE HAD BEEN MORE THAN ONE PROTECTIVE ORDERS BETWEEN THE PARTIES) AND THERE HAD BEEN NUMEROUS POLICE CONTACTS OF THE PARTIES, FOLLOWING 911 CALLS. OFFICER BORLAND TESTIFIED THAT THE PARTIES HAD A "HISTORY OF ALLEGATIONS OF VIOLENCE" AND OFFICER GREENWOOD TESTIFIED THAT PAROLEE'S FEMALE PARTNER COMPLAINED THAT PAROLEE HAD KICKED HER ON THE LEG, ON DECEMBER 11, 2007. THAT BACKGROUND, PLUS PAROLEE'S VIOLENT <u>CONTROLLING CASE</u>, GIVES AMPLE NEXUS BETWEEN SCOP THAT PLACE A NO-CONTACT ORDER BETWEEN THE PARTIES AND A CONCERN FOR FUTURE VIOLENCE, AS WELL AS AN ATTEMPT TO PROTECT BOTH PARTIES.

*not stay Away Provided for BPH AND DAPO*

**Objections / Basis for Ruling**

| | Ruling |
|---|---|
| COMITO OBJECTION REGARDING VICTIM A TIAS' STATEMENTS TO OFFICER GREENWOOD | DENY |

OFFICER GREENWOOD CAME TO THE HEARING AND TESTIFIED THAT, AS A MEMBER OF THE POLICE FORCE, HE RESPONDED TO THE FEMALE VICTIMS PHONE COMPLAINT ABOUT VIOLENCE AT THE HANDS OF PAROLEE. OFFICER GREENWOOD RESPONDED WITHIN MINUTES AND TOOK THE VICTIM'S COMPLAINT THAT PAROLEE KICKED HER ON THE LEG. ALL OF THAT EVIDENCE, ALTHOUGH H/S, HAS <u>HIGH CREDIBILITY</u>. THE STATE BROUGHT THE OFFICER TO THE HEARING AND PAROLEE HAD OPPORTUNITY TO CONFRONT AND CROSS-EXAMINE HIM. PAROLEE'S INTEREST IN CONFRONTING AND CROSS-EXAMINING THE ALLEGED VICTIM WAS MET BECAUSE SHE APPEARED AND, DURING TESTIMONY LACKING CREDIBILITY, RECANTED AND CLAIMED NO MEMORY OF THE EVENT. NO COMITO INTERESTS WERE VIOLATED.

*← Female victim never made a call or report statement*

*Officer was Mandated by California State LAW, Domestic Violence to report and make a statement of record, take photo graph and injury report. Yet none of this ever was done because it never happened.*

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2<br>SNYDER, JOVIC | 29-APR-2008 |

TO: Sergeant Bent "Supervisor" DATE: 3/28/08
FM: Sevon Atias
CC:
RE:

Please see attached paperwork

3 PAGES

THANK-YOU

MEMORY TRANSMISSION REPORT

TIME :03-28-'08 08:05
FAX NO.1 :
NAME :Flexi Van Leasing.

| | | |
|---|---|---|
| FILE NO. | : | 440 |
| DATE | : | 03.28 08:00 |
| TO | : | 87850472 |
| DOCUMENT PAGES | : | 3 |
| START TIME | : | 03.28 08:03 |
| END TIME | : | 03.28 08:05 |
| PAGES SENT | : | 3 |
| STATUS | : | OK |

*** SUCCESSFUL TX NOTICE ***

CR-165

| NAME OF COURT AND DISTRICT, BRANCH, OR DIVISION, IF ANY:<br><br>Superior Court of California, County of Alameda<br>Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive<br>Pleasanton, CA 94588 | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>**MAR 0 5 2008**<br><br>CLERK OF THE SUPERIOR COURT<br>By **VALERI L. KIRKWOOD**<br>Deputy |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA**<br><br>vs.<br><br>DEFENDANT: Senuel, Robert Edward | |
| **NOTICE OF TERMINATION OF PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**<br>**(Penal Code, §§ 136.2 and 1203.097(a)(2))**<br>☒ **ORDER PENDING TRIAL**<br>☐ **ORDER POST-TRIAL PROBATION CONDITION** | ARRESTING AGENCY:<br>PPD 08 7972<br><br>CASE NUMBER:<br>126455 |

**THIS ORDER DOES NOT SUPERSEDE EXISTING FAMILY, JUVENILE, OR PROBATE COURT ORDERS**

**ORDER**

1. **THE COURT ORDERS:**
   Effective (date): 3|5|08 , the Protective Order issued on (date): 2-19-08
   restraining (name): Robert Edward Senuel
   listing as protected person(s): Seven Alias
   is terminated forthwith.

2. This supersedes all prior protective orders in the above-entitled case.

3. a. The clerk shall notify the arresting agency or local law enforcement of this order by facsimile transmission.
   b. ☐ The arresting agency or local law enforcement agency is responsible for entry of this order into the Domestic Violence Registry.

4. ☒ The prosecuting agency is ordered to notify the protected person(s) of this order.



Dated: 3|5|08

_____
JUDICIAL OFFICER

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CR-165 [New January 1, 2003]

**NOTICE OF TERMINATION OF PROTECTIVE
ORDER IN CRIMINAL PROCEEDING (CLETS)
(Penal Code, §§ 136.2 and 1203.097(a)(2))**

Penal Code, §§ 136.2, 166, 1203.097
Form Approved by Department of Justice

(Distribution: original to file; 1 copy to each protected person; 1 copy to defendant; 1 copy to prosecutor; 1 copy to law enforcement)

# Alameda County Public Defender

Pleasanton Branch Office
5672 Stoneridge Drive
Pleasanton, California 94588-8559
(925) 551-6863



Diane A. Bellas
Public Defender
Harold G. Friedman
Chief Assistant

February 11, 2008
File No. L07-02098
Docket No. 124327

Mr. Sevon Atias
4872 Bernal Avenue, #B
Pleasanton, CA  94566

Dear Mr. Atias:

Enclosed please find a copy of the Court Order you requested, which shows that it is for "non-harassment" and is **NOT** a stay-away order.

Best of luck to you and your family in the future.

Sincerely,

ALAMEDA COUNTY PUBLIC DEFENDER

Cole Powell
Attorney at Law

Encl.
CP:ead

P.A.
7-24-07

*5268380*

**CR-160**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Gale/Schenone Hall of Justice
5672 Stoneridge Road
Pleasanton, CA 94588

*FOR COURT USE ONLY*

**FILED**
ALAMEDA COUNTY

JUL 2 4 2007

CLERK OF THE SUPERIOR COURT
By _V. Kirkwood_
                                    Deputy

**PEOPLE OF THE STATE OF CALIFORNIA**
vs
DEFENDANT: Atias, Sevon

**CRIMINAL PROTECTIVE ORDER - DOMESTIC VIOLENCE**
(CLETS-CPO) (Penal Code, §§ 136.2 and 1203.097(a)(2))
☐ ORDER PENDING TRIAL (Pen. Code § 136.2)  ☑ MODIFICATION
☑ ORDER POST-TRIAL PROBATION CONDITION (Pen. Code § 1203.097)
For domestic violence cases as defined in Penal Code § 13700 or Family Code § 6211

CASE NUMBER:
124327

---

**This Order May Take Precedence over Other Conflicting Orders, See Item 1 on Page 2.**

PERSON TO BE RESTRAINED (*Complete name*): Sevon Atias
Sex: ☐ M ☑ F  Ht: 5'4"  Wt: 116  Hair Color: BRN  Eye Color: BRN  Race: O  Age: ___  Date of Birth: 6/7/84
☐ The defendant is a peace officer with _____ Department:

1. This proceeding was heard on (*date*): 7/24/07  at (*time*): 2:55 pm  in Dept.: 701  Room: GSH
   by judicial officer (*name*): J. Blea III
2. This order expires on (date): 7/24/10. If no date is listed, this order expires three years form the date of issuance.
3. ☑ Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.
4. COMPLETE NAMES OF EACH PROTECTED PERSONS: John DOE. AS IN Complaint

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

5.  must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.
6.  **must surrender to local law enforcement or sell to a licensed gun dealer any firearm owned or subject to his or her immediate possession or control within 24** hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.
7.  must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.
8.  must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. ☑ The court finds good cause not to make the order in item 8.
9.  ☐ must have no personal, electronic, telephonic, or written contact with the protected persons named above.
10. ☐ must have no contact with the protected persons named above through a third party, except an attorney of record.
11. ☐ must not come within _____ yards of the protected persons named above.
12. ☐ may have peaceful contact with the protected persons named above only for the safe exchange of children for court-ordered visitation as stated in the attached Family, Juvenile, or Probate court order in Case No. _____ issued on (*date*): _____, as an exception to the "no-contact" or "stay-away" provision in paragraph 9, 10, or 11 of this order.
13. ☐ may have peaceful contact with the protected persons named above only for the safe exchange of children for visitation as stated in a Family, Juvenile, or Probate court order issued after the date this order is signed, as an exception to the "no-contact" or "stay-away" provision in paragraph 9, 10, or 11 of this order.
14. ☐ The protected persons may record any prohibited communications made by the restrained person.
15. ☐ Other orders including stay-away orders from specific locations:

Date: 7-24-07                                    _Jacob Blea III_
                                    JUDICIAL OFFICER  Department/Division:

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 (Rev. January 1, 2007)
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER – DOMESTIC VIOLENCE**
**(CLETS-CPO) (Penal Code §§ 136.2 and 1203.097(a)(2))**

Penal Code, §§136.2, 166, 1203.097(a)(2)
*www.court.info.ca.gov*

(Distribution: original to file; 1 copy to each protected person; 1 copy to defendant; 1 copy to prosecutor; 1 copy to law enforcement)

copy mailed to me 8-3-07

CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST

CDC 1676 (4/91)

| | | |
|---|---|---|
| | DISTRIBUTION: DEPARTMENT OF CORRECTIONS | |
| | ORIGINAL - BOARD REPORT | |
| | 1ST COPY - R.H.C. | |

| REPORT TO: | ☒ BOARD OF PRISON TERMS | 2ND COPY - H.A. |
|---|---|---|
| | ☐ NARCOTIC ADDICT EVALUATION AUTHORITY | 3RD COPY - PAROLEE |
| | | 4TH COPY - U.S. |

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P07071 | ALEXANDER, ROBERT | SAME | II-SLD | YES ☐ NO ☒ |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 3-26-08 | DAPO | ☒ MANDATORY | ☐ NON-MANDATORY | ALACOJ AYC552 |

| ARREST CODE * | * ARREST CODES: | | |
|---|---|---|---|
| A | A   P&CSD STAFF ALONE | B   LAW ENFORCEMENT AGENCY ALONE | |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 3-2608 | 3-26-08 | N/A | SNYDER | 2-25-09 | 1-10-09 | |

CHARGES AND CODES

1. C6: REFUSAL TO SIGN COND. OF PAROLE (996)
2. C4: BATTERY/SPOUSE (455)
3. C4: BURGLARY 1ST (505)

CHARGES AND CODES

4.
5.
6.

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: | | | |
|---|---|---|---|
| ☒ ABSCOND | ☒ SELF | ☒ PROPERTY-OTHERS | ☒ SAFETY-OTHERS |

SUPPORTING EVIDENCE:

CHARGE 1: On 3-21-08, Subject-Alexander's conditions of parole (C.O.P.) were amended to include a no contact, without prior written approval from DAPO, with Sevon Atias. On 3-24-08, Subject reported to the parole office after being released from Santa Rita Jail. On that date, Subject saw the Officer of the Day and due to his refusal to sign his amended conditions, was placed in restraints by the Unit Supervisor. The Unit Supervisor discussed Subject's amended C.O.P. with him. Eventually, since the Unit Supervisor needed the Agent of record's input, Subject was released and instructed to report back to the AOR on 3-25-08 at 8:30am. Subject requested a 602 inmate appeal form and was provided one. On 3-25-08, Agent of record contacted Subject and was informed that he didn't have a ride to get to the parole office. AOR gave Subject instructions to report on 3-26-08. On 3-26-08, Subject reported to the parole office. AOR asked Subject why he refused to sign his amended C.O.P. and was told that the restraining order against him was lifted and he provided that information to the OD and the US on 3-24-08. AOR informed the Subject that she was not referring to the restraining order against him but HIS restraining/protective order against Sevon Atias. AOR explained to the Subject (with Agent Keller as a witness) that if he refused to sign his amended C.O.P. , he will be taken back into custody. Subject asked what his options were and AOR informed the Subject that he could sign his C.O.P. and then go to the court and have the restraining/protective order he has against Sevon Atias dismissed OR, not sign the C.O.P. and go back to jail. Subject asked to speak with the Unit Supervisor and AOR escorted Subject out to the lobby. AOR then case conferenced Subject's case with the Unit Supervisor and informed him that Subject did not sign his C.O.P. and wanted to speak with him. The Unit Supervisor then called Subject into the office and was taken into custody.

CHARGE 2: During the course of the investigation into Subject-Alexander's and Sevon Atias' many police contacts, AOR discovered that according to Pleasanton PD Rpt# 2007-00048456, on 12-11-07, Officer Greenwood was dispatched to Subect's ROR on a report of an incident

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| ALEXANDER, ROBERT | P07071 |

Page 1 of 5

involving domestic violence.  The victim-Sevon Atias, told the officer that she and Subject, her boyfriend of two years, had been arguing in the morning.  She said she woke up and Subject was not at home.  Subject returned shortly after and was angry again about a phone call she had received the night before.  V-Atias said she did not want to argue and told him she was going to take a shower.  After she entered the bathroom, Subject walked in and kicked her once in the left leg just above her knee.   V-Atias said, subject then left the apartment and did not know where he went.  V-Atias refused to seek medical attention and after the officer explained to her the Domestic Violence police she refused any further law enforcement action.

CHARGE 3:  Also discovered during the course of this investigation, according to Pleasanton PD Rpt# 2008-00006509, on 2-6-08, Officer Boland responded to an address, in the same apartment complex where Subject's ROR is, on a reported residential burglary.  The officer spoke with the Victim-Rachel Smith who told him the following.  On 2-5-08, V-Smith came home in the evening and noticed the front door frame of her apartment was damaged and had been repaired.  V-Smith went into her room and noticed some perfume was missing off her dresser.  V-Smith called Sevon Atias , who had been staying with her for the past few days and asked her what had happened.  Sevon Atias told V-Smith that earlier in the morning, her ex-boyfriend, S-Alexander kicked the front door in and began looking in all the rooms of the apartment.  Sevon Atias told V-Smith that S-Alexander thought Sevon Atias was with some other guy in the apartment.  Sevon Atias said that she ran out of the apartment and spoke with the apartment manager and asked him to fix the door.  On 2-6-08, V-Smith said that when she came home in the afternoon, she noticed her new portable DVD player was also missing from the side of her bed.  V-Smith said that she didn't notice the DVD player was missing when she originally came home on 2-5-08.

Parolee's interview:  While waiting in the car to be transported, Subject became very angry.  Subject made comments about DAPO's procedures, that this incident was "entrapment" and that he was filing a lawsuit. With Agent Keller in the car, Subject said that it must make for a "better sex life" for AOR "to have all this power over parolees."  Subject made comments about everything from AOR's personal life to professionalism.  AOR made a comment to the Subject to "save what he has to say for his attorney" and to that, Subject replied "this will not go away."

Court info:  OHO

Witnesses:  AOR Snyder
            Agent Keller
            Officer Greenwood
            Officer Boland

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| ALEXANDER, ROBERT | P07071 |

Sevon Atias-victim (domestic violence)
Rachel Smith - victim (burglary 1st)

Attachments:  Initial interview with the OD dated 3-24-08
Unsigned amended C.O.P.
Active restraining/protective order against Sevon Atias by S-Alexander
Copy of the restraining /protective order agains Sevon Atias faxed by Ms.
Atias to the Unit Supervisor
Pleasanton PD Call Log to Subject's ROR
Pleasanton PD Rpt# 2007-00048456
Pleasanton PD Rtp# 2008-00006509

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**SUMMARY OF PAROLE ADJUSTMENT**
* CDC 1521-B (1-91)

**ATTACH LEGAL STATUS SUMMARY**

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P07071 | Alexander, Robert | |

**PRIOR COMMITMENT(S)**

| OFFENSE TITLE(S) | | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS OF PAROLE | INITIAL PAROLE DATE | ADJST REV RFL DATE (RRD) |
|---|---|---|
| | 12/27/05 | 9/16/06 |

No contact with victim of comm. offense or Karen Tyler by any means
and participate in outpatient substance abuse counseling at least three
days a week and confirm employemnt monthly.

**RESIDENCE**

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4872 Bernal Avenue #B | GF- Sevon Itias | Stable |
| Pleasanton, Ca. 94588 | | |

**MEANS OF SUPPORT**

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR - TO | POSITION HELD |
|---|---|---|---|
| Unknown | | | |

*(handwritten notes in margin: "hat happen these .P. conditions the other DC, 1521 B. ?")*

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

**Facts**

The Subject is a 29 year old first termer with a commitment offense of
Assault w/ a semi auto rifle. RAP sheet indicates a minimal criminal
adult conviction record.

The Subject originally paroled on 12/27/05. Since this date, he has had
four convictions. One violation for disturbing the peace in which he
received 2I by the BPH and three additional violations for cocaine use in
which he was referred to BASN.

Due to his history of parole violations combined with his current
behavior, it is obvious the Subject has no intention in cooperating with
parole supervision. Therefore, the above violation is being referred to
the Board of Parole Hearings for an appropriate disposition.

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | Alexander, Robert | P07071 |

Page 3 of 4

**SUMMARY OF PAROLE ADJUSTMEN**
° CDC 1521-B (1/91)

### ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P07071 | ALEXANDER, ROBERT | 4-4-08 |

#### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|

*Initial Parole Date is 12/23/05*

LAST REV. REL DATE *is 3·21·08 charges Dismisser*

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 12-24-06 | 1-10-08 |

No contact with victim of comm. offense. No contact with Karen Tyler. ANT.

*What Happened to the Alleged Amended COP. I refused to sign or the other conditions of Parole? they are gone now; Vanished?*

#### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4872 Bernal Ave. #B Pleasanton, CA | gf-Sevon Itias | stable |

#### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR.: TO: | POSITION HELD |
|---|---|---|---|
| LaS release 3-21-08 | | | |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Subject is a 30 yr old first termer with a commitment of Assault w/ semi auto rifle. Subject has minimal adult convictions that just include the instant offense.

Subject originally paroled on 12-17-05. Since then, he has had FIVE violations. *not six violations haST Rev Rel date 3-21-08 charges Dismiss*

In regards to Charge 1- refusal to sign his C.O.P. : DAPO is only doing what we think is best for Subject so that he will not be in danger of Sevon Atias and vice versa. In reviewing the call log from Pleasanton PD from 5/07 to 2/08, the PD has been sent to the Subject's ROR for numerous reasons including vandalism, battery, vehicle theft incidents, etc. Also, please note that though Subject will say that there is never a "mutual combat between him and her" police reports say otherwise. There is an incident where Sevon Atias actually vandalized their apartment and tried to hit him with things and was placed on probation for it. Sevon Atias provided the Unit Supervisor with a copy of the restraining/protective order against her by him. Also, after Subject was taken into custody, Ms. Atias began harassing the Unit supervisor, had contacted the governor's office, and had the attorney general contact the district administrator, asked HER attorney, the public defender, to contact the U.S. and demanded that Subject -Alexander's hold be released. *All aware of unlawful full ArresT*

In regards to Charges 2, 3: These charges were discovered during the course of the investigation into this case. DAPO still have to address these charges when discovered. This also only shows why this relationship is VOLATILE and why DAPO feels that Subject should have a no contact condition with Sevon Atias. *Residential Pattern STABLE not volatile*

If good cause is found, AOR is recommending the MAXIMUM amount of time Subject could receive for these violations PLUS AOR is requesting that the Board of Parole Hearings make it a board imposed special condition of no contact with Sevon Atias. *I Thought DAPO Said that BPT already made a Amendment to SPC on 3/2/08, now they are requesting*

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| ALEXANDER, ROBERT | P07071 |

```
EGAL STATUS SUMMARY  TYPE-  D    CTF-N                    07/29/2003 21:48
-------------------------------------------------------------------------
  CDC NUMBER  |  NAME                          |ETHNIC|    BIRTHDATE
   P07071     |  ALEXANDER,ROBERT              | BLA  |    03/29/1978
-------------------------------------------------------------------------
 TERM STARTS | MAX REL DATE  MIN REL DATE  MAX ADJ REL DT | MIN ADJ REL DT
  08/10/1998 | 09/17/2006    12/27/2005     09/17/2006    | 12/27/2005
-------------------------------------------------------------------------
                                                | PAROLE PERIOD
ASE TERM  6/00 + ENHCMNTS   3/00 = TOT TERM  9/00 | 3 YRS
-------------------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT
-------------------------------------------------------------------------
H25646     240                              36               44    320

PC296 DNA REQUIRED AND HAS NOT BEEN COLLECTED
NOTIFICATION REQUIRED PER PC3058.6


-------------------------------------------------------------------------
 RECV DT/ COUNTY/    CASE   SENTENCE DATE            CREDIT    OFFENSE
  CNT      OFF-CODE  DESCRIPTION                     CODE       DATE
-------------------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
 8/10/1998  ALA   H25646      6/26/1998
  01 P245(B)   ASLT W/SEMIAUTO FIREARM                  4    10/30/1997
               (H)WPN
               P12022.7(A)  01 INFL GBI                 4
     PC 2933.1

-------------------------------------------------------------------------
RAN                            RULE        D A Y S
YPE    DATE    END DATE LOG NUMBER  NUMBER ASSESS LOST REST DEAD
-------------------------------------------------------------------------
BEG 08/10/1998           ******BEG BAL*******
CL 04/06/2001           I0104026  3005B      30   30
DD 08/10/1998           H25646
CR 08/23/2001           I0104026  3005B               30
CL 07/11/2001           I0107014  3021       60   60
DD 08/10/1998           H25646
CL 12/20/2001           I0112047  3005B       30   30
DD 08/10/1998           H25646
CR 05/15/2002           I0112047  3005B               30
DD 08/10/1998           H25646
CL 07/11/2003           V0703030  3016(A)    120  120
DD 08/10/1998           H25646
   CURRENT PC BALANCE:   0        CURRENT BC BALANCE:   264
-------------------------------------------------------------------------
```

*[handwritten: Initial Parole Date NOT 12-24-06]*

*[handwritten: ONLY ONE CONVICTION, NOT 5]*

STATE OF CALIFORNIA
PAROLE VIOLATION DISPOSITIONS - (IN)CLUDING BPT/NAEA ACTIONS)
CDC 1244 (1/91)

DEPARTMENT OF CORRECTIONS

PAGE _____ OF _____

**INSTRUCTIONS FOR COMPLETING** - For minor violations, the Parole Agent is to complete the columns titled "DATE OF VIOLATION", "VIOLATION", and "ACTION". The Unit Supervisor will enter the "ACTION CODE" and sign in the column titled "ACTION TAKEN BY". For all Board of Prison Terms (BPT) actions, where good cause is found, the Parole Agent is to complete all columns including the "ACTION CODE" column. Entries are to be in chronological order and typed or legibly handwritten. The Original CDC 1244 is to be maintained on the top right hand section of the field file. A copy of the CDC 1244 is to be attached to violation reports.

| ACTION | ACTION CODE | |
|---|---|---|
| COP - Continue on Parole<br>RTC - Return to Custody<br>Dismiss - No Parole Violation<br>Reinstate<br>Other: | 1. Mandatory BPT<br>2. Non-Mandatory BPT<br>  A. Commitment Offense<br>  B. Repeat Violations<br>  C. Psychological Problems<br>  D. Gang<br>  E. Poor Parole Adjustment | 3. Good Parole Adjustment<br>4. Community Program<br>5. Defer Local Adjudication<br>6. Minimal Risk Person or Property<br>7. No Parole Violations |

| COMMITMENT OFFENSE | | | | |
|---|---|---|---|---|
| P245(B) – ASLT W/SEMIAUTO FIREARM | P12020(a) | 667.5 P.C. ☐ YES ☒ NO | RISKS SCORE | NEEDS SCORE |

| DATE OF VIOLATION | VIOLATION | ACTION | ACTION CODE | ACTION TAKEN BY |
|---|---|---|---|---|
| 07-15-06 | Criminal Threats → Amended to Dist Peace | RTC-2I | | BPT |
| | Attempted Mayhem - Dismd at PCH | | | |
| | Battery Spouse - Dsm'd | | | |
| 6-4-07 | Use of cocaine | Cop - Refer Rehab Prgm | 4 | U.S. |
| 9-19-07 | Use of cocaine | Cop | 4 | U.S. |
| 10-15-07 | | C.C. CTS | 2, E | BPH |
| 12/11/07 | Absconding parole supervision and violating special condition of parole. | 1 I | 2E | BPH |
| | WHAT HAPPENED TO The Violation | | | |
| | of LAST Rev Release DATE on 3-21-08 | | | |
| | DAPO DoeSn't File it? | | | |
| | unit Supervisor Didn't follow Protocal again? | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| P07071 | ALEXANDER, Robert | UNIT: HAYWARD SLO |
|---|---|---|

*(handwritten, left margin, vertical)* This Violation Never Documented on DAPOS Report 4-4-08 charges Dismissed

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502-B (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL – C-FILE
1ST COPY – FIELD FILE
2ND COPY – PAROLEE

**REPORT TO:** ☒ **BOARD OF PAROLE HEARINGS**

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | | REGION/UNIT | |
|---|---|---|---|---|---|---|
| P07071 | ALEXANDER, ROBERT | | SAME | | II-SLD | |

| ARREST DATE | ARRESTING AGENCY | | BPH REFERRALS | | BOOKING NUMBER AND/OR LOCATION | |
|---|---|---|---|---|---|---|
| 2-16-08 | PLEASANTON PD | | ☒ MANDATORY    ☐ NON-MANDATORY | | ALACOJ AYC552 | |

| ARREST CODE * | * ARREST CODES | | | | | |
|---|---|---|---|---|---|---|
| B | A  DAPO STAFF ALONE   AB  DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | | B  LAW ENFORCEMENT AGENCY ALONE   D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO | | | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 2-16-08 | 2-16-08 | N/A | SNYDER | 5-16-09 | 1-10-09 | ☐ |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| C4: BATTERY ON SPOUSE (455) | | | |
| 1. | | 4. | |
| 2. | | 5. | |
| 3. | | 6. | |

| REASON FOR RETAINING PAROLE HOLD. PAROLEE DANGER TO | | | | DATE COPY GIVEN | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|---|---|---|
| ☒ ABSCOND | ☐ SELF | ☐ PROPERTY – OTHERS | ☒ SAFETY -OTHERS | | |

SUPPORTING EVIDENCE:

CHARGE 1: On 2-16-08, Subject was arrested by Pleasanton PD for the above charge.

*(handwritten across form)* Charges were Dismissed on 3-21-08  P.P.D. falsified Report and impeached his self on Record on 3-21-08 as well as Agent Snyder

*(stamp)* FEB 28 2008

| PAROLE AGENT'S RECOMMENDATION: | PAROLE AGENT'S SIGNATURE | DATE |
|---|---|---|
| Retain hold. | J. Snyder | 2-19-08 |

| UNIT SUPERVISOR'S ACTION | | | | |
|---|---|---|---|---|
| ☒ DECISION | ☐ REVIEW | ☒ RETAIN HOLD | ☐ RELEASE HOLD AS OF (DATE) | ☐ CANCEL WARRANTS - WANTS |
| ☐ CONTINUE ON PAROLE | ☐ CONTINUE IN OUT-PATIENT STATUS | ☐ *DISCHARGE EFFECTIVE DATE: | | ☐ RETAIN ON PAROLE |
| ☐ REINSTATE ON PAROLE AS OF (DATE): | ☐ TIME LOSS   ☐ NO TIME LOSS | ☐ SUSPENDED/REINSTATE IN OPS AS OF (DATE): | ☐ REFER TO BPH | ☒ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE) 2-26-08 |
| SPECIAL CONDITION(S) | | | ☐ ADD | ☐ DELETE |
| ☐ | | | | |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
☐ I HAVE LOOKED AT THE INFORMATION  I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

| | UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| | K. Fitzpatrick | 2-19-08 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| ☐ REFER TO BPH | ☐ *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| | | | |

STATE OF CALIFORNIA
REVOCATION PACKET CONTENT CHECKLIST
CDCR 2150 (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REVOCATION PACKET CONTENT CHECKLIST

| | Column 1 (Field Unit) | Column 2 (BPH) |
|---|---|---|
| **Parole Violation Report and Attachments:** | | |
| One (1) original and one (1) copy of the original | | |
| If applicable, one (1) Olsonized copy of the original | | |
| CDC 1676, Charge Sheet/Revocation Tracking/Scheduling | ✓ | ✓ |
| CDC 1521(b), Summary of Parole Adjustment | ✓ | ✓ |
| CDC 1244, Parole Violations Disposition | ✓ | ✓ |
| CDC 188, Legal Status Summary | ✓ | ✓ |
| CDCR 1521(d), Recommendation, Review, and Signature Sheet | ✓ | ✓ |
| CDCR 1654, Parole Revocation Hearing Notice and Witness Determination of the scheduled hearing | ✓ | ✓ |
| **Supporting/Evidentiary Documents:** | | |
| One (1) original and one (1) copy of the original | | |
| If applicable, one (1) Olsonized copy of the original | | |
| Police Report(s) | ✓ | ✓ |
| Lab Results | | |
| Other Reports | | |
| **Notice of Charges/PCH Documents:** | | |
| One (1) copy | | |
| CDCR 1502(b), Charge Report | ✓ | ✓ |
| BPH 1100 Notice of Right to Revocation Hearing - Acknowledgement | ✓ | ✓ |
| BPH 1073, Notice of Request for Assistance at Parole Proceedings | ✓ | ✓ |
| **ADA Source Documents (if applicable):** | | |
| CDC 128 B, General Chrono, LDL Verification/TABE | | |
| CDC 128 C, Chrono-Medical, Psych, Dental | | |
| CDC 128 C-1, Reception Center Medical Clearance | | |
| CDC 128 C-2, Chrono-Recommendation for Adaptive Support | | |
| CDC 1845, Inmate/Parole Disability Verification | | |
| Other | | |

Complete the column by placing a check mark for the documents that are present and completed in the revocation packet. If a document is not applicable for this revocation packet i.e., lab results, mark N/A in the column

Column 1 - Inventoried by DAPO Staff:

| Field Unit Forwarding Revocation Packet | Name/Title (Printed) | Date |
|---|---|---|
| SLD | Jessie Pepez /PT | 2/27/08 |

Column 2 - Inventoried by BPH Staff:

| DRU Site Completing Revocation Packet Review | Name (Printed) Aubrey Mark's B.P.H. SANTA RITA D.R.U. (925) 551-6940 | Date FEB 2 8 2008 |
|---|---|---|

CDC Number: PC 7071     CDC Name (Printed): Alexander, Robert

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502-B (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL - C-FILE
1ST COPY - FIELD FILE
2ND COPY - PAROLEE

**REPORT TO:** ☒ **BOARD OF PAROLE HEARINGS**

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | | REGION/UNIT | |
|---|---|---|---|---|---|---|
| P07071 | ALEXANDER, ROBERT | | SAME | | II/SAN LEANDRO | |
| ARREST DATE | ARRESTING AGENCY | | BPH REFERRALS | | BOOKING NUMBER AND/OR LOCATION | |
| 12-12-07 | PLEASANTON POLICE DEPT | | ☒ MANDATORY ☐ NON-MANDATORY | | AYC552/SANTA RITA | |
| ARREST CODE | ARREST CODES | | | | | |
| B | A  DAPO STAFF ALONE | | B  LAW ENFORCEMENT AGENCY ALONE | | | |
| | AB  DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | | D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPU | | | |
| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
| 12-12-07 | 12-12-07 | N/A | FITZPATRIC | 3-25-09(PTS) | 11-16-08 | ☐ |

| CHARGES AND CODES | | |
|---|---|---|
| ABSCONDING PAROLE SUPERVISION (021) | | |
| 1. | 4. | |
| 2. | 5. | DEC 2 4 2007 |
| 3. | 6. | SANTA FE D.R.U. |

REASON FOR RETAINING PAROLE HOLD  PAROLEE DANGER TO
☒ ABSCOND   ☐ SELF   ☐ PROPERTY – OTHERS   ☒ SAFETY -OTHERS

DATE COPY OF ...NOTICING PAROLEE

**HIGH CONTROL CASE**    ← *When has my Special Conditionsj included me being on High Control Parole? Every violation I was released on a Friday.*

**CHARGE 1:** On 11-16-2007 The Board of Parole hearings acted on a miscellaneous Decision and Suspended the Subject's parole effective 11-19-2007. The Subject was arrested by Pleasanton Police Department on 12-12-2007.

PAROLE AGENT'S RECOMMENDATION:

Retain Parole Hold. Subject is a threat to abscond parole supervision.

PAROLE AGENT'S SIGNATURE  C. Johns.    DATE  12-12-07

| UNIT SUPERVISOR'S ACTION | | | | | |
|---|---|---|---|---|---|
| ☒ DECISION | ☐ REVIEW | ☒ RETAIN HOLD | ☐ RELEASE HOLD AS OF (DATE) | ☒ CANCEL WARRANTS - WANTS | |
| ☐ CONTINUE ON PAROLE | ☐ CONTINUE IN OUT-PATIENT STATUS | | ☐ *DISCHARGE EFFECTIVE DATE | ☐ RETAIN ON PAROLE | |
| ☐ REINSTATE ON PAROLE AS OF (DATE) | ☐ TIME LOSS  ☐ NO TIME LOSS | ☐ SUSPENDED/REINSTATE IN O/S AS OF (DATE) | ☐ REFER TO BPH | ☒ INVESTIGATE: SUBMIT APPROPRIATE REPORT BY (DATE) 12-19-2007 | |
| SPECIAL CONDITION(S) | | | | ☐ ADD | ☐ DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
☒ I HAVE LOOKED AT THE INFORMATION  I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD
Retain Parole Hold. Subject is a threat to Abscond.

UNIT SUPERVISOR'S SIGNATURE  K. Fitzpatrick (AUS)    DATE  12-12-07

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| ☐ REFER TO BPH | ☐ *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION    DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - R H C

REPORT TO:    [X] BOARD OF PRISON TERMS
              [ ] NARCOTIC ADDICT EVALUATION AUTHORITY

2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | | CSTCU -ST |
|---|---|---|---|---|---|
| P07071 | Alexander, Robert | Same | Reg II/SLD | | [ ] YES [ ] NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 12/11/07 | Pleasanton PD | [X] MANDATORY [ ] NON-MANDATORY | AYC552 Santa Rita |

ARREST CODE *    * ARREST CODES
B                A    PACSD STAFF ALONE                    B    LAW ENFORCEMENT AGENCY ALONE
                 AB   PACSD ASSISTED BY LAW ENFORCEMENT AGENCY    D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM PACSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 12/12/07 | 12/12/07 | N/A | Fitzpatrick | 3/25/09 PTS | 11/16/08 | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1. Absconding parole supervision (021) | 4. |
| 2. Violation of special conditions of parole (019) | 5. |
| 3. | 6. |

**ATTORNEY COPY**

REASON FOR RETAINING PAROLE HOLD   PAROLEE DANGER TO
[ ] ABSCOND   [ ] SELF   [ ] PROPERTY-OTHERS   [ ] SAFETY-OTHERS

---

**Supporting Information**

**Charge 1 and 2:** On 10/11/07, the Subject submitted a urine sample for drug testing. On 10/17/07, the Subject's test results were returned revealing the use cocaine.

On 10/19/07, Subject reported to the San Leandro Parole Unit as instructed and was confronted about the positive drug test. The Subject denied using any drugs while questioning the authenticity of the urine test.

Due to the Subjects past parole violations of cocaine use and his poor effort dealing with this issue, he was taken into custody.

On 10/19/07, while in custody, the Subject signed a waiver agreeing to waive his right to a Board of Parole Hearings revocation hearing and agreed to complete an In Custody Drug Treatment Program (ICDTP).

On 11/16/07, the Subject was given credit for time served for the use of cocaine violation dated 10/19/07. The parole hold was dropped and the Subject was instructed to report to the San Leandro Parole Unit once released. The Subject was given a special condition of parole to "participate in an outpatient substance abuse counseling" at least three times a week.

On 11/20/07, the Agent of Record confirmed the Subject was released from custody on 11/16/07 and attempted to contact the Subject via cell phone. The phone call attempt failed due to the number being out of order. The Agent of Record attempted to contact the Subject at home via a telephone number in the parole file. There was no answer, so a voice message was left instructing him to report to the San Leandro Parole Unit on this day (11/20/07) by 3pm.

Due to his whereabouts being unknown and no efforts by the Subject to contact his AOR/DAPO, the Board of Parole Hearings acted to suspend the Subjects parole effective 11/19/07.

On 12/11/07, the Pleasanton Police Department arrested the Subject on this warrant.

RECEIVED
DEC ...

**Parolee's Statement:** No statement available at the time of report.

**Witnesses:** AOR Fitzpatrick

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | Alexander, Robert | P07071 |

Page 1 of 4

[handwritten left margin:] The Same Day that DAPO Alleges that I had a Domestic violence charge that he never arrested or charged me for until 4-Yrs. Yet PPD arrested me on faL's day for Parole vehicle and reshelved that to PPrt. Forwarded more report to PPrt.

[handwritten right margin:] Six months ago I was told to quit my job immediately and go to a live in program for 2 months. I denied always go into custody by a physical by a Drug assege. And proved my point with LAB test results since all.

BOARD OF PAROLE HEARINGS                                                          STATE OF CALIFORNIA
**SUMMARY OF REVOCATION HEARING AND DECISION**

## REASON FOR DECISION

**Basis for Conclusion:**

NO DISABILITIES.

GOOD CAUSE BASED ON THE TEST ON 10/11/07 SHOWING COCAINE USE.

My first test that was Allegedly + for cocain
was retested and was in fact negative; however
DAPO refused to include that fact on my parole
evaluation
I never should've been having Norcotic S testing.
Never was a Special Condition of parole
that was ever Mandated By B.P.T.. DAPO stated
That is was.
DAPo Never STATE My work History on
CDC 1521 B forms Filed.

**Basis for Disposition:**

HE HAS BEEN LIVING WITH HIS WIFE AND WORKING AS A TOW TRUCK DRIVER FOR AUTO GUARDIAN.
SINCE PAROLING IN 12/06, HE HAS HAD ONE DISTURBING THE PEACE VIOLATION AND TWO TESTS SHOWING
COCAINE USE.
HE CLAIMS HE IS TESTED AT WORK AND THOSE TESTS HAVE NOT BEEN DIRTY.  OTHERWISE, HE SAYS HE WOULD
HAVE BEEN FIRED.

GIVEN THAT CTS IS ORDERED WITH THE CONDITIONS THAT HE INCREASE HIS OUTPATIENT COUNSELING AND
CONFIRMS HIS EMPLOYMENT ON A MONTHLY BASIS.  ITS POSSIBLE HE SMOKED MARIJUANA LACED WITH
COCAINE.

HE DECLINED ICDTP BECAUSE HE DOES NOT WANT TO LOSE HIS JOB.  IF HE LOSES HIS JOB HE SHOULD BE
REFERRED TO A RESIDENTIAL PROGRAM AFTER THE NEXT DIRTY TEST.

REMEDIAL SANCTIONS:  PARTICIPATE IN OUTPATIENT SUBSTANCE ABUSE COUNSELING AT THE DIRECTION OF DAPO
AT LEAST THREE DAYS A WEEK.

| **NAME** | **CDC NUMBER** | **INST/REGION / AGENT** | **HEARING DATE** |
|---|---|---|---|
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2 | 16-NOV-2007 |
| | | SNYDER, JOVIC | |

BPH 1103-REV (Rev. 01/05) Electronic                    Page 3 of 5                    PERMANENT ADDENDUM

BOARD OF PAROLE HEARINGS
**SUMMARY OF REVOCATION HEARING AND DECISION**                    STATE OF CALIFORNIA

## SUMMARY OF DISPOSITION

Parole Referral:  RCOP

Custody Status:  Out of Custody as of 16-NOV-07

[ ] Continue on Parole   [ ] Schedule for Revocation

[ ] Dismiss   [✓] Other Non-Rev Sanction

[ ] Parole Revoked-Return to Custody:  months

Serve [ ] Consecutively [ ] Concurrently

[ ] Parole Revoked-Return to Custody:   months for Psych Rx

[X] Time Served:   19-OCT-07   to   16-NOV-07

Hold Order: [ ] Place   [X] Remove   16-NOV-07

**3057 Credits**

[ ] Eligible

[ ] Ineligible 3057d-1    Reason for Ineligibility:

   [ ] Commitment Offense:

   [ ] Revocation Offense:

   [ ] Parole Violation:

   [ ] Sentenced under PC 1168:

[ ] Unsuitable for credits because of PC 3057(d)(2)(e)

   [ ] Prior Criminal History

   [ ] Circumstances & Gravity of Parole Violation

Specify Reason

**Parolee Decision**

[ ] Accept   [ ] Reject   [ ] Optionally Waive

**Optional Waivers**

[ ] Previous BPH Action of _____ is:

   [ ] Rescinded   [ ] Reaffirmed

**Special Conditions of Parole**

[ ] Noted   [ ] Reaffirmed   [X] Amended

**Other**
Special Condition    Reason
PARTICIPATE IN OUTPATIENT SUBSTANCE ABUSE COUNSELING AT LEAST THREE DAYS PER WEEK.  CONFIRM EMPLOYMENT ON A MONTLY BASIS.

*only Amendment given since 2006*

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

---

**BPH HEARING PANEL**

NAME:

NAME:  *John H Jones*

DECISION REVIEW BY:

| REVOCATION HEARING TIME (MINUTES) | |
|---|---|
| 1. Prehearing Prep. Time: | 10 |
| 2. Actual Hearing Time: | 40 |
| 3. Report Completion Time: | 10 |
| 4. Other: | |
| **Total:** | 60 |

Hearing Accommodations (ADA) Provided: [ ] Yes   [ ] No

Accom:

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| ALEXANDER, ROBERT | P07071 | SAN LEANDRO / 2 SNYDER, JOVIC | 16-NOV-2007 |

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
**SUMMARY OF PAROLE ADJUSTMENT**
* CDC 1521-B (1/92)

**ATTACH LEGAL STATUS SUMMARY**

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P07071 | ALEXANDER, ROBERT | 2-26-08 |

**PRIOR COMMITMENT(S)**

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| | | |

*(handwritten right margin)* SAme LAST Rev. Rel DATE aS Report Date 4-4-08) (CDC 1521B)

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV REL DATE (RRD) |
|---|---|---|
| | ~~12-24-06~~ 12-27-05 | 1-10-08 |

ANT. No contact with victim of commitment offense.  No contact with Karen
Tyler.

*(handwritten)* what Happened to the Other Special conditionS from 9-16-06?

**RESIDENCE**

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 4872 Bernal Ave. #B Pleasanton, CA | gf-Sevon Atias | stable |

*(handwritten)* Always Stable Not Volatile

**MEANS OF SUPPORT**

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR - TO: | POSITION HELD |
|---|---|---|---|
| not employed | | | |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Subject is a 29 yr old first termer with a commitment of Assault w/ semi auto rifle.  Subject
has minimal adult convictions that just include the instant offense.

*(handwritten)* not 4 New convictionS tha DAPO STATE AS FacT on PrevioS CDC 1521 B LAST Rev. Rel Date 9/16/06

Subject originally paroled on 12-27-05. Since then, he has had five violations.  It looks like
Subject's criminal activities are escalating and now involved battery of his 4 months pregnant
girlfriend.  This relationship is volatile and Agent of record recommends if good cause is found,
Subject be given the MAXIMUM amount of time for the above violations.

The above violations are being referred to the Board of Parole Hearings for an appropriate
disposition.

*(handwritten)* PleaSanton P.D.Officer; Impeached his self on Record at Revocation Hearing; and waS proven to had making falSe report & claims of FalSe injuryS. Charges on 3/21/08, check recording of hearings and police report.

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| ALEXANDER, ROBERT | P07071 |

Page 3 of 4

STATE OF CALIFORNIA
**RECOMMENDATION, REVIEW AND SIGNATURE SHEET**
CDC 1521-D (10/91)

| BPT | RECOMMENDATION | NAEA |
|---|---|---|

**BPT (left column)**
- [ ] Reinstate on Parole as of _____
- [ ] Cancel Want - Remove Warrant from File
- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings.
- [ ] Other _____

**NAEA (right column)**
- [ ] Continue outpatient or civil addict parole status
- [ ] Dismiss
- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

PAROLE AGENT'S SIGNATURE: J. Snyder     DATE: 2/22/08

| BPT | UNIT SUPERVISOR'S DECISIONS | NAEA |
|---|---|---|

**BPT (left column)**
- [ ] Reinstate on Parole as of _____
- [ ] Cancel Want --Remove Warrant from File
- [ ] Extend Parole Period to Maximum Pending Parole
- [ ] Continue on Parole
- [ ] Dismiss
- [ ] Remove Parole Hold as of _____
- [x] Retain Parole Hold
- [x] Refer to Screening Calendar
- [ ] Schedule for Revocation Hearing
- [ ] Schedule for Revocation Hearing -- Psychiatric Treatment
- [ ] Schedule for Good Cause Hearing -- (Cooperative Parole)
- [ ] Maintain in Community Pending Revocation Proceedings
- [ ] Other _____
- [ ] Note to Hearing Agent: History of major psychiatric disorder should be considered in attorney determination.
- [ ] Note to Classification Staff Representative: May be psychotic. Requires evaluation for category program.

**NAEA (right column)**
- [ ] Continue outpatient or civil addict parole status
- [ ] Dismiss
- [ ] Suspend - reinstate as of _____
- [ ] Suspend - return
- [ ] Remove Release / Parolee at Large
- [ ] Continue oral order of _____
- [ ] Confirm oral order of _____
- [ ] Vacate oral order of _____
- [ ] Other _____

COMMENTS: Retain Hold, Refer to Board of Parole Hearings!

SUPERVISOR'S SIGNATURE: J. Bent     DATE: 2-27-08

DATE PAROLEE COPY PROVIDED _____  [ ] MAILED  [ ] DELIVERED   BY (SIGNATURE)

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| ALEXANDER, ROBERT | P07071 |

Page 4 of 4

Mark Demming, Attorney at Law
5414 Miles Avenue, Oakland, CA  94618
Telephone/fax: (510) 655-7690
Email: markdemm@yahoo.com

## FACSIMILE COVER SHEET

TO:         **Board of Parole Hearings, Attn: Danny Davis**
FAX NO.:    **916-324-1987**
FROM:       **Mark Demming**
DATE:       **May 1, 2008**

RE:         **Request for Copy of Parole Revocation Hearing Tape**

**Dear Mr. Davis,**

**Can you please send a copy of the following tape to me at the address above? I was the defense attorney at this hearing. Both Mr. Alexander and I are signing the request.**

**ALEXANDER, Robert  P-07071**
**Hearing: 4/29/08 at Alameda County Jail (Santa Rita)**

**Thanks!**

_____          _____

Mark Demming                              Robert Alexander

The attached document contains confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify this office by telephone to arrange for the return of the original documents

TO: The Clerk O.P.
Court

UNITED STATES DISTRICT COURT
for The Northern District of California
Federal building & U.S. Courthouse
450 Golden Gate Ave, Room 17-6535
P.O. Box 36060    ATTN; Court Clerk
San Francisco, CA 94102

RECEIVED

MAY 8 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA